IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No.  13-MJ-01071-BNB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JOSE ANTONIO RIVAS-GARCIA,

      Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

      This matter is before the court for detention hearing on May 2, 2013. The court has taken judicial notice of the court's file and the pretrial services report.

      In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.  The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

      If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense

prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18, U.S.C, § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file, and have considered the proffer submitted by defense counsel and the arguments of counsel. Weighing the statutory factors set forth in the Bail

Reform Act, I find the following:

First, the defendant has been charged in the **Indictment** with Conspiracy to Possess with the Intent to Distribute and to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Schedule II Controlled Substance in violation of Title 21 U.S.C. §§ 841(a)(1)l (b)(1)(A) and 846.

Based upon the Indictment, I find probable cause exists that the defendant committed the charged offenses.

Second, I find that the Defendant is in the United States illegally. There is an ICE detainer that has been lodged against the Defendant. Defendant was born in Mexico and is a citizen of Mexico. Defendant has used one alias name in the past. Defendant has been previously deported/removed/excluded from the United States. Defendant has an active warrant for contempt of court. Defendant does not appear to have any familial or financial ties to Colorado and his time in the community is unknown. Defendant's employment status is also unknown. That the rebuttable presumption of detention applies to this case based upon offense in count one in the Indictment. Defendant has not rebutted this presumption of detention. Defendant is a flight risk.

In light of these facts and the defendant's immigration status, I find, by a preponderance of evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant. Accordingly, I order that the defendant be detained without bond.

Done this 2nd day of May 2013.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge